Spray et al *v.* George Clayton's Administratrix.

**Sale of Personal Property—Warranty of Title—Possession.**

No cause of action accrues on a warranty of title to personal property, until it is taken from the purchaser by the real owner, and unless a defendant alleges that some one had asserted a title to the property, or that his possession had been disturbed, he could not show a breach of warranty.

**Instructions—Personal Property.**

A defendant to a suit to recover the purchase price of personal property, asked for an instruction, that if the jury believed from the evidence that the title to the property for which the note sued on was executed, was not in the vendor, but in some other person, they must find for defendant, unless they believed he had been authorized by the owner to make the sale: Held to have been properly refused, where no breach of a special warranty of title is shown.

APPEAL FROM DAVIES CIRCUIT COURT.

May 21, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought by appellee, administratrix of George Clayton, against appellants on a note for $1,100.

Three grounds of defense were relied upon in the answer. First, that the note was executed for the price of a slave purchased by appellant Spray of appellee's estate, who warranted the title to the slave, and that he had no title to him at the time of the sale. Second, that he warranted him to be sound and healthy, when he was unsound and afflicted with divers dangerous diseases, and especially with a disease called scrofula, of which he in about three months and a half thereafter died. Third, that he warranted said slave to be only sixteen years old, when he was in fact then twenty years of age, and pleaded said defenses "as a counter-claim and set-off against the plaintiff's demand."

Appellee admits in her reply that the note sued on was executed for the price of a slave, and that there was a warranty of title, of soundness, and that the slave was of the age of sixteen years old,

but claimed that the vendor had no title to the slave, denied he was diseased, or unsound, or that he was twenty years old, and alleged he was only sixteen years of age at the time of the sale, and furthermore alleged that before the sale she owned the slave and invested her intestate, who was her son, with the title to enable him to sell him, and after the sale was made, she ratified it.

The issues formed by the pleadings were submitted to a jury, who found a verdict for the plaintiff and a judgment was rendered in conformity thereto, and appellants filed grounds and moved the court for a new trial, which motion was overruled, and they have appealed.

It is assumed by appellant's counsel that the vendor of the slave had no title to him at the time of the sale; that the ratification set up in the reply must be understood to take effect, or as intended to take effect from and after the time the same was filed, and after the negro was dead, which could not cure the pre-existing breach; consequently the plaintiff below was barred of her action, and the first, second and third instructions asked by them should have been given, which are:

1. That upon the whole case the jury ought to find for the defendants.

2. If they believe from the evidence that the title to the slave for which the note sued on was executed, was not in intestate George Clayton, but in some other person, they must find for the defendants, unless they believe he had been authorized by the owner to make the sale.

3. That no assent to the sale by the real owner in a reply filed in the pleadings after the death of the negro sold, could make valid a sale without authority.

Appellants relied upon an express warranty of title, and filed the bill of sale of their vendor with his covenant of warranty; can the defense be available without an allegation of eviction or something equivalent thereto? In *Siptov vs. Triplett,* 1 Met., 270, where one of the grounds of the defense to the note sued on, which was executed for a part of the price of two slaves, was a breach of warranty of title, this court said. The pleadings render it somewhat uncertain, whether the purchaser relied upon an express warranty of title, or upon the warranty of title which the law implies on a sale of chattels in the possession of the vendor. If he meant an express warranty of title, then no cause of action accrued

on it until the slaves were taken from the purchaser by the real owner, and as the defendant did not allege that any person had asserted a title to the slaves, or that his possession of them had been disturbed, he failed to show any breach of warranty. The question having been directly and authoritatively settled, the instructions No. 1 and 2 as asked were properly refused. And if it be conceded that the appellants' counsel properly interpreted the reply and the ratification of the sale therein alleged was intended to apply to the time the reply was filed, still they were not prejudiced by the refusal to give instruction No. 3. Because as the possesion and title of appellant Spray were never disturbed, it was not material whether the sale was ever ratified or not.

The court on the motion of appellee instructed the jury that if they believed from the evidence that the boy George descended to Mrs. Susan Clayton (the plaintiff) after the 23rd of February, 1846, the title to him vested absolutely in her, and not in her husband, and after his death she had the right to sell, or otherwise dispose of him as she thought proper.

There was evidence conducing to prove that Mrs. Clayton got the slave by descent after the act of February, 1846, for the protection of married women's right, and no available objection is perceived to said instruction.

The two instructions given by the court as appears from the record without being asked for by either party, related to the question of the unsoundness of the slave, and the mode of adjusting the damages if they should find from the evidence that the slave was unsound at the date of the sale and the mode of estimating them, and they conform to the law on the subject.

Wherefore, the judgment is affirmed.

*Kincheloe & Anthony, for appellants.*

*Sweeney, for apppellee.*